**OMAHA TRIBE OF NEBRASKA,**
**Plaintiff,**

v.

**Mark BARNETT, in his official capacity as Attorney General of the State of South Dakota; Thomas J. Miller, in his official capacity as Attorney General of the State of Iowa; and Jeremiah W. (Jay) Nixon, in his official capacity as Attorney General of the State of Missouri, Defendants.**

**No. 8:02CV126.**

United States District Court,
D. Nebraska.

Feb. 24, 2003.

Gregory Barnes, Todd S. Jones, Attorney General's Office, Jefferson City, MO, for Jeremiah W. Nixon.

Henry M. Buffalo, Jr., Allison F. Eklund, Jacobson, Buffalo Law Firm, St. Paul, MN, Lyman L. Larsen, Michael J. Leahy, Stinson, Morrison Law Firm, Omaha, NE, for Omaha Tribe of Nebraska.

Lynne R. Fritz, Attorney General's Office, Lincoln, NE, for Don Sternberg.

John P. Guhin, Jeffrey P. Hallem, Attorney General's Office, Pierre, SD, for Mark Barnett.

Donald D. Stanley, Jr., Attorney General's Office, Des Moines, IA, for Thomas J. Miller.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### INTRODUCTION

This matter is before the court on defendants' (attorneys general of South Dakota, Missouri and Iowa) motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, Filing Nos. 64 and 88, and defendants' motions to dismiss for failure to state a claim, Filing Nos. 36 and 86. Defendants have also moved for judicial notice. Filing No. 46. Each of the attorneys general has sued the Omaha Tribe, Omaha Nation Enterprises, Inc. d/b/a Omaha Nation Tobacco Company, and other entities affiliated with the plaintiff Omaha Tribe of Nebraska (hereinafter "Tribe") in their respective state courts. None of these three defendants sued the Tribe in Nebraska. The case before me was originally filed by the Tribe against Mark Barnett, Thomas Miller, Jeramiah Nixon and Don Stenberg, in their official capacities as attorneys general in their respective states. Filing No. 1. Thereafter, a joint motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) was filed by all of the defendants. Filing No. 36. The Tribe then moved to file an amended complaint, Filing No. 56, to allow the defendants to be sued in their individual capacities. Thereafter, defendants filed their motions to dismiss for lack of personal jurisdiction and improper venue, Filing No. 64, and the plaintiffs responded to the motion to amend complaint indicating they had no objection to the amendment. Filing No. 74. I granted the motion to amend complaint, Filing No. 78, and the amended complaint was filed. Filing No. 82. The defendants renewed their motions to dismiss for failure to state a claim, Filing No. 86, and for lack of personal jurisdiction and venue, Filing No. 88. Briefs have been filed by all parties. I set these motions for oral argument, but prior to the oral argument, a joint motion to dismiss defendant Don Stenberg, Attorney General for the State of Nebraska, was filed. Filing No. 110. This motion was granted, and Stenberg was dismissed with prejudice from the lawsuit. Filing No. 111. Oral argument proceeded with the three remaining defendants on the pending motions to dismiss for lack of personal jurisdiction and venue, motions to dismiss for failure to state a claim, and motion for judicial notice.

The Omaha Tribe of Nebraska is organized under the Indian Reorganization Act, 25 U.S.C. § 476, as well as under a Constitution and By–Laws ratified by Tribe members and approved by the Secretary of Interior. The Tribe is governed by a Tribal Council of seven elected members. The Tribe has the power to "charter subordinate organizations for economic purposes and to regulate the activities of cooperative associations of members of the Tribe under ordinances which shall be subject to review by the Secretary of Interior." Constitution of Omaha Tribe, Art. IV, Sec. 1(o). As a result, the Tribal Council enacted the Business Corporation Ordinance, and created Omaha Nation Enterprises, Inc., a Tribal corporation wholly owned by the Omaha Tribe and incorporated under the Tribe's Business Corporation

Ordinance. This corporation began operating a cigarette manufacturing company under the name "Omaha Nation Tobacco Company" on January 2, 1997. Cigarettes are sold to distributors or wholesalers who in turn sell to retailers in various states.

The Tribe brings this amended complaint against the three non-Nebraska attorneys general in their individual capacities to enjoin their alleged continuing violations of federal law. The Tribe requests a declaratory judgment pursuant to 28 U.S.C. § 2201, as well as permanent injunctive relief pursuant to 42 U.S.C. § 1983, and for fees and costs under 42 U.S.C. § 1988. The Tribe asserts that the defendants are exceeding the limits of their authority by unconstitutionally imposing state tobacco escrow statutes ("qualifying statutes") on the Tribe as a federally recognized sovereign Indian tribe that is immune from taxation or regulation by states as a matter of federal law, Article 1, Section 8 of the United States Constitution, which reserves power to regulate commerce with tribes to the federal government, exclusively. The Tribe is located in the northeast corner of Nebraska and a small portion of western Iowa. The Tribe requests a preliminary and permanent injunction staying any **pending non-Nebraska state court proceedings** and declaring the respective state qualifying statutes unconstitutional as applied to the Tribe, thereby halting the potential litigation in 51 different jurisdictions against the Tribe (qualifying statutes are similar in forty-five states, the District of Columbia and five United States' territories).

### MOTION FOR JUDICIAL NOTICE

Defendants have asked this court to take judicial notice of certain public documents. Filing No. 46. At the hearing, the Tribe indicated that it had no objection to the court taking notice of these documents.

I have carefully reviewed the request for judicial notice, with attached documents, and I determine that such request should be granted.

### MOTION TO DISMISS FOR LACK OF JURISDICTION AND VENUE

#### A. Jurisdiction

In November 1998, representatives of forty-six states, the District of Columbia, and five United States' territories signed a Master Settlement Agreement (hereinafter "Agreement") to settle a lawsuit brought against five of the largest tobacco manufacturers. Other tobacco manufacturers were invited to join the Agreement. Each of the states in the tobacco lawsuit enacted legislation, known as state qualifying statutes, designed to require payment of money by those cigarette manufacturers who were not parties to the Agreement to pay into an escrow fund. Basically the structure is the same in each state. If no claims are made against that party, then after a period of years, generally twenty-five or so, the money with interest is returned to the party who paid into the fund. The Tribe was not a party to the Agreement entered into by the cigarette manufacturers. The Tribe argues that it does not sell any cigarettes in any states. Instead, the distributors take delivery and sell the cigarettes in other states. However, it must be noted that the qualifying statutes apply only to manufacturers, not to distributors or sellers.

■ Defendants argue that this court has no personal jurisdiction over them. The burden is on the Tribe to state sufficient facts to show jurisdiction over the defendants. *Ag–Tronic v. Frank Paviour Ltd.*, 70 F.R.D. 393, 398 (D.Neb.1976). There must be sufficient minimum contacts, in addition to satisfying the requirements of the long-arm statute, to consti-

tute jurisdiction. *Crete Carrier Corp. v. Red Food Stores, Inc.*, 254 Neb. 323, 576 N.W.2d 760, 764 (1998); *Williams v. Gould*, 232 Neb. 862, 443 N.W.2d 577, 585 (1989). A court may exercise personal jurisdiction, under the Nebraska long-arm statute, over a person: (1) who acts directly or by an agent, as to cause of action arising from the person:

(a) Transacting any business in this state;

(b) Contracting to supply services or things in this state;

(c) Causing tortious injury by an act or omission in this state;

(d) Causing tortious injury by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;

(e) Having an interest in, using, or possessing real property in this state; or

(f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or

(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

Neb.Rev.Stat. § 25–536.

In *Gendler v. General Growth Properties*, 461 F.Supp. 434 (D.Neb.1978), the court used a five-part test set by the Eighth Circuit to determine if the long-arm statute complied with the due process requirements: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Gendler*, 461 F.Supp. at 436. The goal in applying these requirements is to obtain "fair play and substantial justice." *Caesar's World Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1180 (8th Cir. 1974); *Electro–Craft Corp. v. Maxwell Electronics Corp.*, 417 F.2d 365, 368 (8th Cir.1969).

The court may exercise personal jurisdiction over a defendant only where the defendant has sufficient minimum contacts with the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir.1994). "In assessing the defendants' 'reasonable anticipation' of being haled into court, 'there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Bell Paper*, 22 F.3d at 818, *citing Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528–29 (8th Cir.1991).

In this regard there are two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction.

*Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. Specific jurisdiction may not be exercised where none of the actions complained of occurred within or had any connection to the forum state. *Sondergard v. Miles, Inc.,* 985 F.2d 1389, 1392 (8th Cir. 1993); *see Helicopteros,* 466 U.S. at 413, 104 S.Ct. 1868 (specific jurisdiction considers whether the cause of action asserted against the nonresident defendant "arises out of or relates to" the nonresident's contacts with the forum). General jurisdiction, on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose. *Id.* at 415, 104 S.Ct. 1868. For general jurisdiction to exist, the nonresident defendant must be engaged in "substantial, continuous and systematic" activities within the forum state. *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868.

The Tribe contends that actions inside Nebraska or outside Nebraska affect it at the tribal level in Nebraska. The Tribe argues that it has been sued in non-Nebraska state courts, under unconstitutional state laws, and that the illegality of such state action invokes the doctrine of sovereign immunity and gives this court personal jurisdiction. The Tribe cites no authority for this assertion. In short, the Tribe argues that a tort, under the Nebraska long-arm statute, Neb.Rev.Stat. § 25–536(1)(c), was committed in Nebraska when process was served on the Tribe and such summonses were illegal. Such an illegal act against the Tribe on Tribe property, it is argued, gives jurisdiction to the District of Nebraska. The Tribe contends that it is not asserting malicious prosecution or abuse of discretion. Rather, it is arguing that unconstitutional statutes are being applied to the Tribe. The Tribe argues that its unique status as a Tribe is what prohibits the state from taxing it. It must be Congress, urges the Tribe, who regulates cigarettes. The Tribe argues that it is immune from civil state regulatory action, and that when the states attempt to enforce unconstitutional laws against the Tribe, a violation of 42 U.S.C. § 1983 occurs.

■ Defendants disagree and argue that the injury, if any, has been inflicted in the States of Missouri, South Dakota and Iowa. Further, defendants argue that this is not a tort. The only way it can be a tort is if the Tribe can make a claim for (1) malicious prosecution, or (2) abuse of process, which the Tribe argues is not the basis for its argument. For a malicious prosecution claim, there must be a judgment in favor of the Tribe, lack of probable cause, malice, and damage. *Holmes v. Crossroads Joint Venture,* 262 Neb. 98, 629 N.W.2d 511, 526 (2001). Defendants contend that there has not even been a case that has proceeded to judgment yet, much less a showing of any of the other elements. The only allegation to support an abuse of process claim is that the lawsuits were filed and the Tribe was served. Defendants argue that is insufficient to support an abuse of process claim.

■ I find that no personal jurisdiction exists in this case under either the long-arm statute or by a showing of sufficient minimum contacts. The Tribe must allege specific facts that connect the defendant with the forum state Nebraska. *Schwartz v. CDI Japan, Ltd.,* 938 F.Supp. 1, 4 (D.D.C.1996). The issue of service of process as raised by the Tribe is without merit as it relates to the power of a state to serve the Tribe. *Nevada v. Hicks,* 533 U.S. 353, 364, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001) (court held that state can serve

process on Indian reservation). This is the only basis alleged by the Tribe for long-arm jurisdiction and minimum contacts, and it is not sufficient. The remainder of the Tribe's arguments go to the question of subject matter jurisdiction which is not an issue in this motion.

When applying the facts to the relevant case law, it is clear the Tribe did not meet its burden of showing personal jurisdiction in this case. The Tribe does not allege that the defendants engaged in any action in Nebraska other than to serve process here. None of the defendants reside here, nor do they maintain an office in Nebraska. The activities in question occurred in their respective states. The state lawsuits are filed under each respective state's statute. The defendants are not trying to obtain cigarettes located in Nebraska. No funds have been paid by the Tribe in the State of Nebraska, so the defendants are not pursuing any monies in Nebraska. "It is defendant's contacts with the forum State that are of interest in determining if in personam jurisdiction exists, not its contact with a resident." *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 455 n. 6 (8th Cir.1977). The Tribe has failed to allege any other activity or course of conduct on the part of any of these attorneys general in the State of Nebraska. Without some showing of these minimal contacts, I am unable to assert personal jurisdiction over any of the remaining three defendants. *See Helicopteros Nacionales de Colombia,* 466 U.S. at 413–414, 104 S.Ct. 1868. Attenuated contacts are insufficient to show purposeful availment. *Crete Carrier Corp. v. Red Food Stores, Inc.,* 254 Neb. 323, 576 N.W.2d 760, 765 (1998). While it is true that this would be a more convenient forum for the Tribe, this consideration is secondary to the quality and quantity of contacts with the forum state. *Aaron Ferer & Sons v. American Compressed Steel Co.,* 564 F.2d 1206, 1210 n. 5 (8th Cir.1977).

Further, this claim involves interpretation of the individual state statutes. The Nebraska statute is not involved. The nature of this action is one that really challenges the constitutionality of the state statutes. The merits of the claims go to construction of state and federal law. The fundamental sovereignty of these jurisdictions could be impinged if they are not permitted to determine in their states whether these statutes are constitutional and can be applied to the Tribe. Federal judges sitting in the respective states will be better able to construe their respective laws than would this court. The cigarette sales which implicated the escrow accounts did not take place in Nebraska, but instead took place in South Dakota, Iowa, and Missouri. Thus, this court has no specific or general jurisdiction over these defendants.

## B. Venue

Even if I were to find that the this Court somehow had jurisdiction in this case because of the Tribe's unique existence, I am not convinced that venue is appropriate in Nebraska. The venue statute states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Tribe is arguing that subsections (2) and (3) apply. The

Tribe contends that the manufacture of the cigarettes occurs in Nebraska, and that should be sufficient to permit venue in Nebraska.

 I conclude that subsection (1) does not apply, as all defendants do not live in the same state; subsection (2) does not apply as all activities and events happened in South Dakota, Missouri and Iowa, including the filing of each lawsuit. The sale of the cigarettes in question also happened in those three states. It is important to note that none of these states are pursuing the cigarettes manufactured and retained in Nebraska. Further, at this point in time the Tribe has refused to pay any monies into the escrow funds, so there are no funds in dispute in Nebraska. None of the attorneys general reside in Nebraska, and all statutes in question were passed in states other than Nebraska. Plaintiff has failed to meet its burden of establishing venue in Nebraska.

## CONCLUSION

I conclude that the Tribe has failed to make a sufficient showing of personal jurisdiction in Nebraska over the defendant attorneys general in South Dakota, Missouri and Iowa. I further of conclude that sufficient facts have not been pleaded to support jurisdiction under the Nebraska long-arm statute or under the due process clause of the United States Constitution. Additionally, I deem venue to be improper as set forth herein. Because of my decision herein, I need not decide the motion to dismiss for failure to state a claim upon which relief can be granted.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The motion for judicial notice, Filing No. 46, is granted;

2. The motions to dismiss for lack of personal jurisdiction and venue, Filing Nos. 64 and 88, are granted;

3. The motions to dismiss for failure to state a claim upon which relief can be granted, Filing Nos. 36 and 86, are denied as moot; and

4. The parties shall be given ten days from the date of this order to file a motion and supporting brief to transfer to an appropriate federal district court and ten days thereafter to file an opposition to such a motion. The clerk of court is instructed that if no motion to transfer is filed within the time period set forth herein, the clerk is hereby ordered to dismiss this case.